36768. MEEKS *v.* THE STATE.

DECIDED JULY 11, 1957.

214

*Wilbur B. Nall, James M. Watts,* for plaintiff in error.

*George D. Lawrence, Solicitor-General,* contra.

TOWNSEND, J. Code § 26-1007 provides as follows: "In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied. Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder. The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for if there should have been an interval between the assault or provocation given and the homicide, of which the jury in all cases shall be the judges, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge, and be punished as murder." There is in this record sufficient evidence of lack of premeditation to justify the verdict of manslaughter as against murder. As against justifiable homicide, the testimony of Garner demands an inference that the victim was not in fact about to knife the defendant when the latter shot him. Garner's testimony was contradicted by previous statements which the witness had made at the time of his arrest. However, the jury in all cases must, in the process of arriving at the truth, determine what credit shall be given to each particular witness; and even though a witness is proved to have made statements directly contrary to his evidence, that evidence affords a sufficient basis for a verdict, if the jury believe it to be true. The credit to be given the testimony of Garner was, under the circumstances, peculiarly for the jury. If believed, it, along with the other testimony in the case, was sufficient to authorize the verdict of guilty of manslaughter.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*